UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

-FILED-

APR 0 5 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | ) | **INFORMATION** |
|---|---|---|
| | ) | (One Count) |
| v. | ) | Case No. 1:24-CR- 11 |
| | ) | |
| JEFFREY STEVENS, aka | ) | |
| ZAYED STEVENS | ) | 18 U.S.C. § 875(c) |

**THE UNITED STATES ATTORNEY CHARGES:**

On or about November 20, 2023, in the Northern District of Indiana, and elsewhere,

JEFFREY STEVENS, aka ZAYED STEVENS,

defendant herein, knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another, specifically, the defendant transmitted a Facebook messenger message to the Fort Wayne Police Department's Facebook page stating:

> I am going to kill every Jew in ft. [sic] Wayne, and there is nothing you can do about it, because you are stupid n_ _ _ _ _ _ _.  I am going to make sure I kill every one of you, especially the dark ones, and there is nothing you stupid n_ _ _ _ _ _ _ can so [sic] about it.

and transmitted the communication for the purpose of making a threat, knowing that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that others would regard this communication as a threat.

## Special Findings

The United States Attorney further alleges that defendant JEFFREY STEVENS, aka ZAYED STEVENS, intentionally selected Jews in Fort Wayne as the object of his threat because of the actual and perceived religion of these individuals.

All in violation of 18 U.S.C. § 875(c) and U.S.S.G. § 3A1.1

## FORFEITURE

1. The allegations contained in the above Count are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 875, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which was used to facilitate the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated: April 5, 2024

                              CLIFFORD D. JOHNSON
                              UNITED STATES ATTORNEY


BY:   /s/John Maciejczyk
       John Maciejczyk
       Assistant United States Attorney
       M01 Robert A. Grant Federal Bldg.
       204 S. Main Street
       South Bend, Indiana   46601
       Tel:   (574) 236-8287
       Fax:  (574) 236-8155
       E-mail:   John.Maciejczyk@usdoj.gov