-FILED-

APR 05 2024

At _____
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:24-cr-*11* |
| ) | |
| JEFFREY STEVENS, aka ) | |
| ZAYED STEVENS ) | |

**PETITION TO ENTER A PLEA OF GUILTY**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through John M. Maciejczyk, Assistant United States Attorney, and the defendant, JEFFREY STEVENS, AKA ZAYED STEVENS, and Michelle F. Kraus, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. My true name is JEFFREY STEVENS, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States of America. I have attended school, and I have the ability to read, write, and speak the English language.

3. I am represented by counsel and the name of my lawyer is Michelle

1

F. Kraus.

4. I have received a copy of the Information and have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

(a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana, which must return a unanimous verdict of GUILTY before I can be convicted;

(b) the right to be released on reasonable bail until my trial

occurs;

(c) the right to see, hear, and cross-examine all the witnesses against me at my trial;

(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above. I understand also that I am waiving my right to be charged by way of indictment by pleading GUILTY to the Information.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a) I agree to plead guilty to the Information, charging me with transmission of a threat in interstate commerce in violation of Title 18, United States Code, Section 875(c) because I am, in fact,

guilty of the offense charged.

(b)   I understand that in order for the Court to accept my guilty plea to the Information, the Court must receive what is called a factual basis. In connection with my guilty plea, I acknowledge the following facts:

> On November 20, 2023, I knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another, namely, a Facebook messenger message to the Fort Wayne Police Department's Facebook page stating: "I am going to kill every Jew in ft. [sic] Wayne, and there is nothing you can do about it, because you are stupid niggers.  I am going to make sure I kill every one of you, especially the dark ones, and there is nothing you stupid niggers can so [sic] about it."  I admit that I transmitted the communication for the purpose of making a threat, knowing that the communication would be viewed as a threat, and recklessly disregarding a substantial risk that others would regard this communication as a threat.
>
> I also admit that I transmitted the communication while I was at my residence in the Northern District of Indiana, and I do not dispute the fact that because Meta (formerly known as Facebook) does not have a server in Indiana, this communication travelled in interstate commerce.
>
> Finally, I also admit that I intentionally selected Jews in Fort Wayne as the object of this threat because of the actual and perceived religion of these individuals.

(c)   I understand that the possible penalties that may be imposed upon me for my conviction of the offense of transmission of a threat in interstate commerce in violation of Title 18, United States Code, Section 875(c)  as charged in the Information include a term of imprisonment of up to 5 years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release of up to three years, plus a special assessment of $100.00 in addition to any other penalty imposed.

(d)     I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

(e)     I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report; input from counsel for myself, from the government, and from me; federal sentencing statutes; and the U.S. Sentencing Guidelines.

(f)     I understand that the Court, based upon input from me, my attorney, the government, and the U.S. Probation Office, will determine the sentencing guideline range to be applied to me at my sentencing; I further understand that while I, my attorney, the government, and the probation department may have studied the sentencing guidelines and may have made some assessments regarding the probable sentencing guideline calculations that might apply to my case, the Court will make the final determination regarding the sentencing guideline range that applies to me, and that if sentence the Court imposes upon me is different that the sentence that I anticipated, I will not be allowed to

withdraw my guilty plea;

(g)   I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, I acknowledge that I have received all discovery required by law prior to the entry of this plea and that I have reviewed the same with my lawyer.

(h)   I agree to forfeit to the United States the following property: a black Samsung cell phone model number SM-S127DL, IMEI 350214927403538, and a black Hewlett Packard Elite 8300 Small Form Factor computer, serial number 2UA2421HWR. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in or used in the commission of the offense. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

(i)   I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(j)   Any agreement that follows in this sub-paragraph is submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not binding upon the Court. I understand that this means that if the Court refuses to follow the recommendations set forth in this sub-paragraph, I will not be allowed to withdraw my guilty plea:

>(i) The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. The United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility;

>(ii) At the time of sentencing, the United States Attorney shall recommend that I be sentenced to a period of imprisonment at the low end of the applicable guideline range, said guideline range to be determined by the Court; and

>(iii) I further understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to

withdraw this guilty plea if the Court decides not to accept these recommendations.

(k)  Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the government agrees to move to dismiss the complaint in Cause Number 1:24-MJ-35 SLC at the time of sentencing in this matter.

9. I understand that other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and is available for public viewing.

/s/ Jeffrey Stevens
_____
Jeffrey Stevens, Defendant


/s/ Michelle F. Kraus
_____
Michelle F. Kraus,
Attorney for Defendant


APPROVED:

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY


BY:     /s/John M. Maciejczyk
John M. Maciejczyk
Assistant United States Attorney
Robert A. Grant Federal Building
204 South Main Street, Room M-01
South Bend, Indiana 46601
Email: john.maciejczyk@usdoj.gov